# Charles N. Hershey, Plff. in Err., v. Road Commissioners of Mill Creek Township.

One who travels by night along a country road, in a wagon driven by a man known by him to be drunk and unfit to drive, is guilty of contributory negligence and cannot recover damages from the township for injuries sustained in the overturning of the wagon, and his precipitation down an unfenced bank 5 or 6 feet high at the side of the road.

In such a case, although the accident would not have happened if the bank had been fenced, yet the drunkenness of the driver was the proximate cause.

(Argued April 26, 1887.   Decided May 9, 1887.)

January Term, 1886, No. 314, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Error to the Common Pleas of Erie County to review a judgment on a verdict for the plaintiff in an action of trespass on the case.   Affirmed.

The facts as they appeared at the trial before GALBRAITH, P. J., were stated in his charge to the jury which was as follows:

The plaintiff in this case, Mr. Charles Hershey, has sued the township of Mill Creek and claims to recover damages for personal injuries received by him from an accident that happened on the 5th of June, 1882, from the upsetting of a wagon that was being driven along on the Waterford plank road some few miles south of this city (Erie).

There is no doubt about the occurrence of the accident, and

---

NOTE.—Contributory negligence is not to be imputed to one who is injured while being carried by another by the act of some third person, the driver being negligent, unless the plaintiff was himself guilty of negligence, or unless he knew, or by the exercise of reasonable diligence might have known, of the defect, or might have avoided the accident by reasonable care.   Carlisle v. Brisbane, 113 Pa. 544, 57 Am. Rep. 483, 6 Atl. 372; Crescent Twp. v. Anderson, 114 Pa. 643, 60 Am. Rep. 367, 8 Atl. 379; Bunting v. Hogsett, 139 Pa. 363, 12 L. R. A. 268, 23 Am. St. Rep. 192, 21 Atl. 31, 33, 34; Finnegan v. Foster Twp. 163 Pa. 135, 29 Atl. 780; Carr v. Easton, 142 Pa. 139, 21 Atl. 822.   But if the plaintiff was aware of the defect, or should have been, or if he is himself negligent, no recovery can be had.   Dean v. Pennsylvania R. Co. 129 Pa. 514, 6 L. R. A. 143, 15 Am. St. Rep. 733, 18 Atl. 718; Winner v. Oakland Twp. 158 Pa. 405, 27 Atl. 1110, 1111; Lohman v. McManus, 9 Pa. Dist. R. 223, 23 Pa. Co. Ct. 497.

no doubt that the plaintiff was in the wagon driving along at a late hour of the night on this highway, and that it was precipitated over a bank some 5 feet in height, into the ditch, and that he there received injuries which are likely to be permanent, from the breaking of his thigh bone and the lacerating of the muscle and injury to the nerve. The question to be determined here is whether this plaintiff is entitled to recover the damages that he seeks, under the evidence.

Now there are two questions to be determined by you as jurors, and two only.

First: Was there negligence on the part of the defendant, the township of Mill Creek, in permitting the public highway to remain in the condition that all the evidence shows that it was at the time of the occurrence out of which this suit originated? There is no question that for some distance along the side of the road, and in fact within the legal limits of the highway, there was an upright declivity from 4 to 6 feet in height, along which the traveled roadbed ran, and within 16 inches to 2½ feet or 3 feet of the edge. It is admitted that there was no guard or other protection of any kind provided, to prevent possible accidents; and the unquestioned evidence clearly establishes the fact that the wagon in which the plaintiff was riding went over the bank, and that he sustained an injury from which he still suffers.

It is claimed on the part of the plaintiff that the omission of the township authorities to provide some protection along the precipitous bank was negligence upon their part, and upon this you are instructed that where a public highway runs along a declivity, or precipice, it is the legal duty of the township to provide sufficient guards or barriers so that even skittish horses may be driven safely so far as the danger of going over such precipice is concerned; and if such guards are not provided, and in consequence of such omission the accident happens without the fault of the person injured or damaged, the township will be liable.

It does not matter that there was a roadbed of sufficient width and in such good condition that there was ample room for the free passage of teams. In this case much time was allowed to be consumed in the examination of witnesses as to the condition of the road at that point, but for the reason only that such evidence was considered by the court as relevant, in enabling the jury to determine the question of contributory negligence.

It is the duty of a township to provide railings for a bridge, for example, and the failure to do so would be negligence, and in case of a suit for damages, brought by the person injured by driving off such structure, it would be proper for the jury to know the width of the bridge, in order to be able to judge more clearly whether a sober man would be likely to miss the middle or proper way and fall over the side; but for its bearing on the question of contributory negligence, all the evidence as to the width and condition of the roadbed would have been excluded as irrelevant in this case.

There can be no question that the omission to provide guards of some sort for the protection of the public against possible accidents at the place where the plaintiff sustained his injury was negligence on the part of the township; and were there nothing else in the case there would be no question that the plaintiff would be entitled to a verdict at your hands.

But it is claimed on the part of the township, the defendant, that even if you should find that there was negligence on the part of the township authorities in leaving the road in the dangerous condition, the plaintiff cannot recover, for the reason that his own folly and carelessness contributed to the accident. It is alleged on the part of the township that the direct cause of this accident was the drunken condition of the driver, Briggs, and that the plaintiff not only knew of this condition, but that he himself had been a direct participant in the drinking that preceded the accident, and which it is claimed was the real cause of the mishap out of which this controversy has arisen.

The rule of law is, as you have already learned from the argument of counsel and the decisions read in your hearing, that notwithstanding the plaintiff in a suit for damages has shown negligence on the part of defendant, which negligence was the cause of the injury complained of, and which would otherwise render the party liable, yet if it be shown that the negligence of the plaintiff himself has contributed to such injury, then the law leaves such plaintiff where it finds him, and refuses to give him a compensation for injuries, no matter how serious, that come in part from his own want of care and proper caution, such as every man is bound to use.

This law, or legal rule, is founded in the common sense of mankind. It is only just and fair that a man who seeks to be compensated for injury that he has suffered will be refused such

compensation, when it appears that such injuries, notwithstanding the negligence of the party whom he seeks thus to hold responsible, would not have happened but for his own negligence and want of reasonable and proper care.

It sometimes happens that it is difficult to apply this well-settled legal rule, and to say just where it is an element in the case.

In the case of Street R. Co. v. Boudrou, 92 Pa. 475, to which reference was made by plaintiff's counsel, the party claiming damages for injuries was standing on the rear platform of the car, and had been drinking.   A car following his came up rapidly and knocked him down, and inflicted serious and permanent hurts.   It was held by the court below, and by the supreme court, that although there was negligence on the part of the plaintiff in standing on the platform, and in his condition, yet, that as such negligence was only the remote cause of the accident, it did not constitute such contributory negligence as would defeat his action.   The negligence of the railway company's employees was active, and immediate, and the proximate cause of the damage, while that of the plaintiff was merely passive, and had no direct or immediate connection with the accident, or not such direct or immediate connection as would constitute contributory negligence on his part.   He had nothing to do with bringing about the collision that inflicted the hurts and made him a cripple.

[Now, here, in this case, on the contrary, if you believe the evidence on part of the defendant, the drunkenness of the driver was the proximate, active cause of the accident, while the negligence of the township was the passive occasion for it, and without which the accident would not have happened and the injuries would not have been suffered.

Now this is the real turning point in this case; and you are instructed upon this that if you find from the evidence that the driver of the wagon in which the plaintiff, Hershey, was riding was intoxicated, and that in consequence of such condition the accident happened, and that the plaintiff, Hershey, was a participator in the previous drinking with Briggs, the driver, and knew of his condition and his unfitness to drive a team at night, and remained in the wagon taking his chances of accident, and so sustained injury, he cannot recover in this case; and as that is very important I will repeat it.]   (*The court repeats the last instruction.*)

It is not sufficient that he should have participated with him in the drinking before; you must find that Briggs was intoxicated and that Hershey knew it, and so knowing it continued in the wagon and took his chances.

That they had been drinking together is shown by the evidence; it does not appear that Hershey was himself intoxicated; did he know that Briggs was so intoxicated? If you find that Briggs was really drunk, and unfit to drive—[if two men, for example, go about together drinking repeatedly, and the one driving becomes drunk and finally drives over a precipice, and injury results to the other, it will not acquit him from the consequences of contributory negligence that he himself was not intoxicated. If he voluntarily goes about with a man in a buggy, who is driving carelessly, and he knows the condition of the man, he cannot set up the fact that he himself was sober, as against the claim that he was guilty himself of contributory negligence].

Was Briggs, from drunkenness, unfit to drive, and did Hershey know of his conditon?

That is a question entirely for you under the evidence; I will not undertake to review it because you have heard it and listened carefully and have it in your minds better than I can give it to you.

The fact of Briggs's drunkenness and incompetency would not prevent the recovery of the plaintiff unless he was a participant in the previous drinking, and also knew of the condition of Briggs and that he was unfit to drive safely; [if these parties were on a debauch together and you find from the evidence that but for the drunkenness of Briggs the accident would not have occurred, then, notwithstanding the neglect of the town authorities, the plaintiff will not be entitled to recover in this case]; otherwise, if you find, on the contrary, that although they had drank together the plaintiff did not know of the condition of Briggs, and that he was unfit to drive in safety.

The whole case is entirely for you upon this turning point, under the evidence and under the instructions that we have endeavored to give you as to the law bearing on the case.

If you find for the plaintiff, you will, in estimating his damages, allow him not only for the direct expenses incurred by reason of the injury, but also for the privation and inconvenience he is subjected to, and for the pain and suffering he has

already endured, bodily and mental, and that he is likely to experience, as well as the pecuniary loss he has sustained and is likely to sustain during the remainder of his life from his disabled condition; and in this case you may take into consideration the probabilities of life given by the life tables referred to by counsel.

Now it only remains to answer the points which have been submitted by counsel for plaintiff and defendant, so that the instructions of the court to the jury may be a part of the record, so if we make an error here the supreme court may do justice in the premises by correcting any error that is made here. . . . (Plaintiff's sixth point: "Even if the jury should find that the plaintiff was negligent in riding in the wagon of Stewart's, driven by Briggs, and yet find that the accident would not have happened but for the neglect of the defendant to properly guard a dangerous declivity in or alongside of the road, the plaintiff's negligence will be no bar to his recovery. The negligence of the plaintiff was a remote negligence and not the proximate cause of the injury.")

*Ans.* This point is refused for the reason given in the general charge. The negligence of the defendant in this case was not an active, direct cause of the injury as in the case cited (Thirteenth & F. Street Pass. R. Co. v. Boudrou, 92 Pa. 475, 37 Am. Rep. 707), where the alleged contributory negligence of plaintiff was passive and remote.

(The jury returns into court after being out some time and asks instructions as to the point of law in relation to Mr. Hershey's knowledge of Mr. Briggs's drunkenness and fitness for driving a team.)

The Court: This is the real turning point in this case and you are instructed that if you find from the evidence that the driver of the wagon in which the plaintiff, Hershey, was riding was intoxicated, and that in consequence of such condition the accident happened, and the plaintiff was a participator in the previous drinking with Briggs, the driver, and knew of his condition and of his unfitness to drive a team at night, and remained in the vehicle taking his chances of accident and so sustained the injury, he cannot recover in this action. That they had been drinking together is shown by the evidence; it does not appear that Hershey was himself intoxicated; did he know that Briggs was so intoxicated? If you find that Briggs really was drunk

and continued to drive—if two men, for example, are out together with a team, drinking repeatedly, and the one driving becomes drunk and finally drives over a precipice and injury results to the other, it will not acquit him from the consequences of contributory negligence that he himself was not intoxicated. Was Briggs, from drunkenness, unfit to drive, and did Hershey know of his condition? This is entirely for you under the evidence.

The fact of Briggs's drunkenness and incompetency would not prevent a recovery by the plaintiff, Hershey, unless he was a participator in the previous drinking and also knew of the condition of Briggs and that he was unfit to drive safely; if these parties were on a debauch together, and you find from the evidence that but for the drunkenness of Briggs the accident would not have occurred, then, notwithstanding the neglect of the town authorities, the plaintiff would not be entitled to recover; otherwise, if you find, on the contrary, that although they had drank together, the plaintiff did not know of the condition of Briggs, or that he was unfit to drive in safety.

A Juror: "On a compromise verdict, if the jury find for the plaintiff, could the damages be less than the amount proved?"

The Court: Certainly, that is the province of the jury; in the first place you determine whether you will find for the plaintiff, and then, having determined that, you settle the amount.

Verdict and judgment were for the plaintiff for $10.

The assignments of error specified the portions of the charge inclosed in brackets, and the answer to the plaintiff's sixth point.

*J. Ross Thompson* and *John P. Vincent,* for plaintiff in error. —The plaintiff's conduct was in no respect inconsistent with that of a reasonably prudent man under the circumstances.

A passenger having no control or authority over the driver of a team is not liable for his negligent conduct; nor would their joint negligence be a defense. Mann v. Weiand, 81* Pa. 243.

The only negligence on the part of plaintiff that can relieve the defendant from liability is such as was the direct and proximate cause of his injury. Id. 256.

Nothing in the evidence justified the court in submitting to the jury a question of concurrent negligence on the part of plaintiff. No act of his was directly the cause of the injury to

him; and even if there was negligence at all on his part, it was
so remote that the court should have told the jury that it would
not constitute contributory negligence. The court dwelt so
much and so strongly on this point in the case that it had a ten-
dency to lead the jury away from the true issue in the case,
and to produce the very verdict referred to by the jurors when
they came into court for further instructions, *viz.,* a "compro-
mise" verdict, which we say would not have been given, to the
gross outrage of the rights of the plaintiff, had not their minds
been impressed with the idea, as they must have been, that the
plaintiff contributed to his own injury by the conduct re-
ferred to.

This error pervaded the whole charge.

*Davenport, Benson, & Brainerd,* for defendant in error.—In
Monongahela City v. Fischer, 111 Pa. 9, 56 Am. Rep. 241, 2
Atl. 87, the plaintiff, at night, stepped off a bridge having no
railing, and was injured. This court decided that he was guilty
of negligence, as the bridge was wide enough, and that the rule
applying to cities did not apply to country roads; that country
roads are seldom or ever kept in repair from side to side, but
only a sufficient portion in the middle for convenient travel.

In Scranton v. Hill, 102 Pa. 378, 48 Am. Rep. 211, the plain-
tiff intentionally went out of the road to take a path, and fell
from the end of a culvert. This court pronounced him guilty of
negligence.

A township is not required to render a road passable for
travel the entire width of its located limits, but only to keep a
width thereof in a smooth condition, sufficient to render the
passing over it safe and convenient. Perkins v. Fayette, 68
Me. 152, 28 Am. Rep. 84.

When one voluntarily leaves the highway for any purpose,
and on going out of it and returning into it, at a point which
the town has not prepared for travel, receives an injury from
an obstacle outside the traveled path, the township is not re-
sponsible; and it makes no difference whether the obstacle is
without or within the limits of the way as located, provided it
is so situated as not to create a danger or an inconvenience to
travelers who keep within the way prepared for travel. Blake v.
Newfield, 68 Me. 365.

Towns are not obliged to keep the whole of a highway free

from obstruction.   Com. v. King, 13 Met. 115; Keyes v. Mar-
cellus, 50 Mich. 439, 45 Am. Rep. 52, 15 N. W. 542; Howard v.
North Bridgewater, 16 Pick. 189.

PER CURIAM:

The court committed no error in this case.   If the plaintiff
sustained any injury on the trial, it was by the action of the
jury, which we are powerless to relieve against.

Judgment affirmed.