[L. A. No. 6534. In Bank.—August 29, 1921.]

LOUIS SIMONSEN et al., Respondents, v. L. J. CHRISTO-PHER COMPANY (a Corporation), Appellant.

[1] Negligence—Finding—Conflict of Evidence—Appeal.—A finding in an automobile accident collision case that the accident was caused by the negligence of defendant and that the plaintiffs were not guilty of contributory negligence cannot be disturbed where the evidence is conflicting.

[2] Id.—Crossing of Street—Exercise of Care by Others—Reliance upon Presumption.—A person crossing a street in front of an approaching vehicle cannot close his eyes to threatening danger relying upon the presumption that the other party will use reasonable care and prudence and obey the traffic laws, but if there is nothing in the situation to warn him of impending danger, he is not guilty of negligence in relying upon such assumption.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

2. Liability for collision between automobiles, or an automobile and another vehicle, at or near corner of streets or highways, note, L. R. A. 1916A, 745.

The facts are stated in the opinion of the court.

H. T. Morrow for Appellant.

E. B. Drake for Respondents.

SLOANE, J.—This is an automobile accident collision case. The plaintiff, Louis Simonsen, with his wife, Gussie Simonsen, was driving in a light Buick car south on the west side of Arlington Street, in the city of Los Angeles. The defendant's employee was driving a delivery auto-truck west on the northerly side of an intersecting street.

According to the testimony of the plaintiffs, they were driving at from eighteen to twenty miles an hour at a point about twenty feet north of the intersection where they first saw defendant's truck approaching from the east at a distance of about fifty feet from the intersection, and at a speed of about thirty miles an hour. Plaintiffs had the right of way and having slowed down to fifteen miles at the intersection proceeded south across the street, paying no further attention to the truck. The next they knew of the truck, as they testify, was after they had passed the center of the intersection, when the truck suddenly appeared coming diagonally across the street from the northeast and closing in upon them at a point near the southwest corner of the street intersection. Plaintiff Simonsen testified that he then swerved his car to the right, but could not avoid the collision, the truck striking his machine on the left side about the front fender.

The evidence shows that defendant's truck was being driven beyond the legal rate of speed and that the plaintiffs had the right of way, but defendant relies upon its plea of contributory negligence of the plaintiffs for failure to keep a continuous lookout for the truck after entering upon the intersection.

The trial court found that the accident was caused by the negligence of defendant and that the plaintiffs were not guilty of contributory negligence.

[1] Under the conflicting evidence we cannot disturb this finding.

[2] As has been frequently said by this court and the district courts of appeal, a person crossing a street in

front of an approaching vehicle cannot close his eyes to threatening danger, relying upon the presumption that the other party will use reasonable care and prudence and obey the traffic laws, but if there is nothing in the situation to warn him of impending danger, he is not guilty of negligence in relying upon such assumption. (*McPhee* v. *Lavin,* 183 Cal. 264, [191 Pac. 23]; *Commonwealth Bonding & C. Ins. Co.* v. *Pacific Elec. Ry. Co.,* 42 Cal. App. 573, [184 Pac. 29]; *Baker* v. *Western Auto Stage Co.* (Cal. App.), 192 Pac. 73; *Harris* v. *Johnson,* 174 Cal. 55, [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155].)

In this case, according to the plaintiffs' evidence, the plaintiffs had passed beyond the center of the street-crossing without accident and were presumably out of the zone of danger from any vehicle approaching from the east. We do not think they can be held guilty of negligence as a matter of law or under their version of the facts because they failed to keep further watch for defendant's truck. It it claimed that they did not keep a sufficient lookout while entering upon the street-crossing and that they were driving beyond the prescribed speed limit, but obviously neither of these circumstances contributed to the accident, as the collision did not occur on the side of the street in defendant's line of travel, and the greater speed at which they made the crossing lessened the danger of their being overtaken by defendant's truck.

The place where the court found the collision to have occurred indicates that the course of the truck was in violation of the traffic laws. The driver of defendant's truck testified that he proceeded directly west on the north side of the intersection and was run into by the plaintiffs approaching from the north, but the trial court evidently accepted the testimony of plaintiffs as the correct history of the collision, and on such conflict of the evidence the findings of the court must be sustained.

The judgment is affirmed.

Lennon, J., Shurtleff, J., Shaw, J., Lawlor, J., Wilbur, J., and Angellotti, C. J., concurred.