[L. A. No. 6989. In Bank.—March 23, 1922.]

MILTON MORRIS, a Minor, etc., Respondent, v. STANDARD OIL COMPANY (a Corporation), Appellant.

[1] Pleading—Leave to Amend—Failure to Make—Effect of.— Where at the commencement of a trial plaintiff asks for and is granted leave to amend the complaint by changing the allegation and prayer for damages to a larger amount, which motion is not opposed, but the amendment is not made and counsel proceed to trial upon the theory that the change has been made, defendant cannot complain on appeal that the change was not made.

[2] Negligence — Personal Injuries — Collision Between Truck and Bicycle—Review of Evidence—Appeal.—In an action for damages for personal injuries occurring in a collision between an automobile truck and a bicycle, where there is a conflict regarding the exact point or the precise manner of contact of the vehicles, it is not the province of the appellate court to review the conclusion reached by the judge or jury upon such testimony, if there be any rational basis for the verdict; and a finding regarding such negligence will not be disturbed on appeal.

[3] Id.—Injury to Boy—Capacity to Exercise Care—Province of Jury.—In an action for damages for injuries to a boy thirteen

years of age alleged to have occurred by reason of the defendant's negligence in turning its automobile truck, at a street intersection, into the bicycle ridden by the boy, plaintiff's capacity to exercise care in avoiding the particular danger was one of fact falling within the province of the jury.

[4] ID.—WARNING—CARE.—In such a case, where there was nothing in the situation to warn the plaintiff of impending danger in crossing the intersection of the streets on his bicycle, his act of looking down into a bag for a paper did not constitute negligence.

[5] ID.—VERDICT—WHEN EXCESSIVE.—In such a case, where the injuries are not of a permanent nature, a verdict of twenty-five thousand dollars is excessive, and indicates that it was rendered through passion or prejudice.

[6] ID.—EXCESSIVE DAMAGES—DUTY OF TRIAL COURT.—The question of excessive damages is one that is first addressed to the trial court, the power of appellate courts in such matter existing only when the facts are such as to suggest at first blush passion, prejudice, or corruption on the part of the jury.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Lawler & Degnan, Dorsey Whitelaw and George H. Moore for Appellant.

A. L. Hubbell for Respondent.

THE COURT.—The opinion of the district court of appeal herein, prepared by Presiding Justice Tyler, is adopted as the opinion of this court in all respects, except the last sentence thereof. Said opinion is as follows:

"Action for damages for personal injuries. Plaintiff, a minor, through his guardian, alleges in his complaint that on September 17, 1920, he was riding a bicycle in a southerly direction on the west side of Imperial Avenue north of Seventh Street, in the city of Calexico, Imperial County, in this state. At the same time an automobile truck belonging to defendant was being driven in a northerly direction on

5. Excessiveness of verdicts in actions for personal injuries other than death, notes, 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; L. R. A. 1915F, 30.

the east side of the same avenue. Plaintiff arrived at the point of the intersection of travel on the west side of the avenue and the north side of Seventh Street before the truck of defendant, and attempted to cross the intersection in a southerly direction, when, it is alleged, the driver of the truck negligently and carelessly turned his vehicle to the west at said intersection without giving warning to plaintiff and without running to the right of the center and beyond such point of intersection. Plaintiff was knocked down and the rear wheels of defendant's truck caught and held him. His injuries, as alleged, consisted in the tearing and lacerating of both of his legs and ankles. The complaint alleged and prayed for damages in the sum of fifteen thousand dollars. [1] At the commencement of the trial plaintiff asked for and was granted leave to amend the complaint by changing the allegation and prayer of damages to twenty-five thousand dollars. The motion was not opposed, but the amendment was never made. Counsel, however, proceeded to trial upon the theory that the change had been made. Under these circumstances it cannot here complain. The case was tried before a jury and a verdict in favor of plaintiff in the sum of twenty-five thousand dollars was rendered and judgment was entered accordingly. Thereafter defendant gave its notice of intention to move for a new trial on all statutory grounds. The motion was denied.

"Two principal points are here urged for a reversal of the judgment. It is claimed (1) that plaintiff was guilty of negligence as a matter of law, and (2) that the damages are so excessive as to shock the conscience.

"Upon the first contention it is argued that under the law as applied to the uncontradicted evidence, the plaintiff was guilty of contributory negligence as a matter of law. The facts relied on as proving plaintiff's negligence are as follows:

"Plaintiff testified that he was proceeding southerly along Imperial Avenue, and before reaching Seventh Street he was riding to the west of the paved avenue and approximately where the curb or gutter would be if the avenue were paved and curbed at that point; that as he was approaching Seventh Street he saw two trucks coming toward him on Imperial Avenue; that they were about a block away,

the Standard Oil truck being ahead of a Dodge truck; that he was watching the trucks coming up the street and that they did not give any signal that they were going to turn off Imperial Avenue on to Seventh Street; that when he got about halfway out and upon the intersection of the streets he looked around or down into his sack for a paper, —then he looked up and the truck was almost on him, and he was struck by the right front wheel or fender or bumper; that the right front portion of the truck struck the front part of his bicycle, and knocked him off, and somehow he was injured by the rear wheel of the truck. Testimony of other witnesses is to the effect that plaintiff was looking down to take a paper from his bag at the time of the accident. From these facts it is contended that plaintiff was guilty of negligence as a matter of law in riding out upon as well as in proceeding and continuing on the intersection of the streets without watching or observing the traffic. Plaintiff, however, also testified that he was watching the approach of the trucks and that they failed to give any signal that they were going to turn, and that he supposed they were going straight on, as they were traveling at a speed which, in his opinion, would not permit them to turn, and that he did not look down and reach for his paper until he was nearly halfway across the north half of Seventh Street. Appellant seeks to prove from an analysis of the testimony that it would be physically impossible for the truck to have arrived where the collision took place if plaintiff's statement were true. From this evidence it is claimed that the trial court erred in refusing defendant's instruction to find the issues in defendant's favor. [2] In the character of cases here involved, where there is a conflict regarding the exact point or the precise manner of contact, it is not the province of the appellate court to review the conclusion reached by the judge or jury upon such testimony, if there be any rational basis for the verdict, and a finding regarding such negligence will not be disturbed on appeal. (*Whitelaw* v. *McGilliard*, 179 Cal. 349 [176 Pac. 679]; *Brimberry* v. *Dudfield Lumber Co.*, 183 Cal. 454 [191 Pac. 894].)

[3] "Here plaintiff was a boy but thirteen years of age, and his capacity to exercise care in avoiding a particu-

lar danger was one of fact falling within the province of the jury. (*Mayne* v. *San Diego Electric Ry. Co.*, 179 Cal. 173 [175 Pac. 690]; *Nichols* v. *Pacific Electric Ry. Co.*, 178 Cal. 630 [174 Pac. 319].)

[4] ''If his testimony is to be believed there was nothing in the situation to warn him of impending danger, and his act of looking down for his paper, under such circumstances, did not constitute negligence. (*Simonsen* v. *L. J. Christopher Co.*, 186 Cal. 786 [200 Pac. 615].)

''The second point urged by counsel for a reversal presents a more serious situation. The nature and extent of plaintiff's injuries were agreed upon. It was stipulated by the parties that if the physician who had treated plaintiff were present he would testify to the following effect: That as a result of the accident the flesh on the leg and ankle of the plaintiff was torn, and that dirt and other foreign substances were ground into the flesh, substantially as alleged in the complaint; that the wounds were, at the operation, sterilized and treated and no infection from the original injury occurred; that there was a steady improvement of the general condition; that the stiffness which was present in the plaintiff's ankle and knee would by treatment be removed and full normal function restored in a period of from four months to one year; that a shortness of one-half to one inch of the leg as a result of the accident upon the muscles would also be removed within the time indicated, as would any atrophy of the muscular tissue from disuse; that no bones were broken.

''It further appeared in testimony that the plaintiff had suffered intense pain and had been nervous in consequence of the injury for several weeks, and that skin had been grafted upon the wounds; that at the time of the trial the left ankle had been entirely healed up and had been so healed for about a month; that the knee was not entirely healed at the time of the trial and was considerably stiffer than one of the ankles.

[5] ''The injuries not being of a permanent nature, it is appellant's contention that there is no escape from the conviction that the verdict of twenty-five thousand dollars is grossly excessive and cannot be allowed to stand. It infrequently happens that juries indulge in reckless prodigality in dealing with property belonging to others. In

such cases it is the duty of the trial judge to correct the injustice. In the instant case, the trial court, in passing upon the motion for a new trial, expressed the following opinion:

" 'I consider the verdict and judgment excessive, but the appellate court is better able from its wide experience to reduce it to the proper amount than I. The motion for a new trial is denied.'

"It thus affirmatively appears that the trial judge passed the responsibility on. It was his plain duty to consider the testimony, and if he concluded, in his judgment, as he did, that the verdict was too large, to either provide for its reduction, or in default thereof, to grant a new trial. [6] The question of excessive damages is one that is first addressed to the trial court. Practically, the trial court must bear the whole responsibility in every case. The power of appellate courts over excessive damages exists only when the facts are such as to suggest, at first blush passion, prejudice or corruption on the part of the jury. (*Bond* v. *United Railroads,* 159 Cal. 270–286 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366]; *Hale* v. *San Bernardino etc. Co.,* 156 Cal. 713 [106 Pac. 83]; *Bisinger* v. *Sacramento Lodge etc.,* 187 Cal. 578 [203 Pac. 768].)

"That the verdict herein rendered was exorbitant and did suggest to the trial judge that it had been improperly rendered is indicated by the expression of his opinion in the order denying a new trial. We are of the opinion that his conclusion upon the subject was correct, and that the case comes within the rule laid down in *Bond* v. *United Railroads, supra,* as indicating that it was rendered through passion or prejudice. Counsel upon argument of the case have intimated to this court that in the event of the judgment being deemed excessive we fix the amount of the verdict. This duty we do not feel should be imposed upon us. This is not the province of appellate courts. The duty is one that is imposed on the trial court."

There is no necessity for again trying any of the issues of the case except that of the amount of damages. All the other issues are sufficiently disposed of in the foregoing opinion, and the evidence does not indicate any necessity for further investigation thereof in the court below.

The judgment is reversed and the cause is remanded to the lower court for a new trial solely upon the issue of the amount of damages, with directions to that court, upon the settlement of that issue, to render judgment in favor of the plaintiff for the amount so found.

Shaw, C. J., Sloane, J., Wilbur, J., Shurtleff, J., Richards, J., *pro tem.*, and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.