[Civ. No. 7403.   First Appellate District, Division Two.—September 30, 1930.]

H. H. SCHMITT, Respondent, v. NORTHERN COUNTIES LAND & CATTLE COMPANY (a Corporation) et al., Appellants.

William Clark Crittenden, *in pro. per.,* and Charles Josef Carey for Appellants.

George A. Clough for Respondent.

DOOLING, J., *pro tem.*—In this action plaintiff and respondent Schmitt sued to recover commissions aggregating $2,608.50 for the purchase of cattle at fifty cents per head. He joined as defendants Northern Counties Land & Cattle Co. and William Clark Crittenden, Inc., both corporations, which are the appellants herein, and William Clark Crittenden and Richard Meyer, individuals. At the close of plaintiff's case a nonsuit was granted as to William Clark Crittenden and plaintiff voluntarily dismissed Meyer. The jury brought in a verdict against the two appellants jointly for $2,636.50. The appeal is from the judgment entered pursuant to this verdict.

The evidence showed without contradiction that Richard Meyer was employed under contract by appellant Northern Counties Land & Cattle Co. as ranch foreman and that he also performed services at various times when called upon by appellant William Clark Crittenden, Inc., and other

corporations owned and controlled by William Clark Crit-
tenden. The cattle here in question were purchased by
Meyer through arrangements with respondent Schmitt, and
were delivered partly to one appellant and partly to the
other. It is not disputed that Meyer agreed to pay Schmitt
fifty cents per head for his services nor is it questioned that
Meyer had authority to bind either appellant by such
agreement.

It was claimed by appellants on the trial that re-
spondent could not recover these commissions because of
a secret agreement with Meyer to split the commissions with
him. This issue was presented to the jury under instruc-
tions offered by appellants and given by the court and the
jury must have found that no such agreement existed. If
there is any competent evidence to support this finding the
question is not open to appellants here. Appellants intro-
duced in evidence a letter from Schmitt to Meyer written
some time before the transactions here in question, which
read in part: "So I have this offer to make on the stock I
help get for you I will expect you to pay me a $1.00 . . .
and I would want you to know that you get the cattle cheap
enough so you could well afford to pay the commission on
your own cattle but I always would try to make the other
fellow pay ½ of the commission after I get him cut down if
I could.

"And on all cattle you could send me buyers for I will
get my dollar some way and I would split it in ½ with you
and glad to do so."

As to this letter, Schmitt testified that at the time it was
written he believed Crittenden and Meyer were partners and
in the first sentence above quoted he was referring to cattle
bought by Meyer and Crittenden and expected to receive
and retain the full commission; and that the agreement to
split commissions with Meyer referred to certain "outside"
buyers that Meyer had informed Schmitt he might secure to
buy cattle through him. The language on its face would
seem to support this construction. The first sentence refers
to "the stock I help get for *you* I will expect *you* to pay
me a $1.00", etc. The second sentence, on the other hand,
refers to "cattle you could send me *buyers* for". At the
very least the language was ambiguous and so would admit

of oral testimony to explain its meaning. This and other testimony, not necessary to recite, did no more than create a conflict which was resolved in favor of respondent by the jury.

Appellants further contend that the evidence disclosed a several liability upon each defendant and did not warrant a joint judgment against both for the full amount. Meyer's dealings with respondent were chiefly oral. He testified that in buying the cattle he was acting for Crittenden and both corporations appellants. But the evidence showed a sale of 1433 cattle by one Anderson under a written contract to William Clark Crittenden, Inc., and a sale of about 4,000 cattle (the number was not definitely established) by Reid-Cashion Land & Cattle Co. to Northern Counties Land & Cattle Co. under a written contract. It also showed delivery of another lot of 184 cattle to one Beckley through Crittenden personally.

Respondent seeks to justify the joint verdict for the full amount on the theory that both corporations are entirely owned and controlled by William Clark Crittenden and are, therefore, "one-man corporations". ■ However, the rule was recently reiterated in *Continental Securities etc. Co.* v. *Rawson*, 208 Cal. 228, 238 [280 Pac. 954, 958], and is thoroughly settled, that in order to justify a court in treating a corporation and the individual owning all of its stock as a single legal entity it must not only appear that there is such a unity of interest that the individuality of the corporation is merged in that of the individual, but also "that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice". Respondent has not attempted to point out nor can we discover in this case any facts which would justify us in holding that to recognize the separate entities of the two corporations appealing herein would sanction any fraud or in anywise promote injustice.

■ Here we have simply the case of two separate corporations purchasing separate lots of cattle under the agreement of their agent to pay 50 cents per head to respondent. We can find no legal justification for requiring either corporation to pay the commission on the cattle purchased by

the other. In our opinion the joint judgment against both cannot stand. It will only be necessary on a new trial, however, to try the single question of the amount of liability of each defendant since the jury in the former trial has found against the defense of a secret agreement to share commissions with appellants' agent and the authority of the agent to bind the appellants to pay the commissions is not disputed. (*Morris* v. *Standard Oil Co.,* 188 Cal. 468, 473, 474 [205 Pac. 1073].)

The judgment is reversed and the cause remanded for a new trial solely upon the issue of the several amounts which plaintiff is entitled to recover from each defendant, with directions to the trial court, upon the settlement of such amounts, to render judgment for plaintiff and against each defendant respectively for, the amounts so found.

Nourse, P. J., and Sturtevant, J., concurred.