[Civ. No. 8740. First Appellate District, Division Two.—April 15, 1933.]

BETH ROGERS, Respondent, v. HOWARD L. GOODRICH, a Minor, etc., Appellant.

James M. Koford and John J. Earle for Appellant.

James R. Agee and John F. Balaam for Respondent.

STURTEVANT, J.—In an action to recover damages for personal injuries the jury brought in a verdict in favor of the plaintiff. From the judgment entered thereon the defendant has appealed.

On the evening of October 24, 1931, Mr. and Mrs. Dunham arranged a party in honor of the wedding anniversary of Mr. and Mrs. Washen. Mrs. Dunham invited Miss Rogers, the plaintiff, who in turn invited Mr. McSweeney as her

escort. Between 8 and 9 on that evening the party gathered at the Dunham home. There each of them had three high-balls of gin and ginger ale. About 10 o'clock they left the Dunham home and went to a resort called the Alabam. After arriving there Mr. Dunham produced a pint of gin and each had a drink. At 11 o'clock dinner was served. After dinner there was dancing until 1 o'clock. At that time the house closed and the members of the party returned to their respective automobiles. They drove to different places but no further drinking was done during the night and prior to the accident. At about half-past three Mr. McSweeney was driving south on Dutton Avenue. The plaintiff was riding with him as his guest. As Mr. McSweeney approached East 14th Street the defendant Howard L. Goodrich was driving west on that street, which is a boulevard and on which boulevard signs had been installed. The two automobiles were so operated that a collision occurred in the intersection and the plaintiff suffered the injuries complained of. Mr. McSweeney was also injured. Each filed a suit against Howard L. Goodrich, who appeared by his guardian and defended. The two actions were tried together. The plaintiffs contended that the defendant Goodrich was negligent in failing to keep a lookout and because he was driving at an excessive speed. The defendant contended that Mr. McSweeney was negligent because (1) he did not keep a lookout; (2) he did not yield the right of way; (3) he did not stop at the boulevard signs; and (4) he was intoxicated at the time of the accident. The jury returned a verdict against Mr. McSweeney and in favor of the defendant. It also returned a verdict in favor of the plaintiff and against the defendant in the sum of $3,500.

The defendant complains because the trial court modified two of his requested instructions. After inserting in parentheses ''A'' and ''B'' for our convenience, the requested instructions were as follows:

''(A) I instruct you that if at the time of the accident or immediately before the same plaintiff McSweeney, who was driving the automobile in which plaintiff Rogers was riding was under the influence of intoxicating liquor to such an extent as to dull his sense of sight, and to prevent or tend to prevent him from exercising the care and caution which a sober and prudent man would have exercised under

the circumstances, and that plaintiff Rogers knew, or should have known, of McSweeney's condition, and thereafter continued to ride with him, this would constitute negligence on the part of plaintiff Beth Rogers, (B) and if such condition of the driver of the automobile under such circumstances contributed proximately in the slightest degree to cause the accident neither plaintiff Beth Rogers or plaintiff McSweeney can recover, and your verdict must be in favor of the defendant.''

''(A) If you find from the evidence that plaintiff Beth Rogers rode, or continued to ride, in plaintiff McSweeney's automobile when she knew, or must have known, that McSweeney was intoxicated, then I instruct you that plaintiff Beth Rogers was negligent in so doing, and her negligence constituted negligence, independent of McSweeney's negligence, (B) and bars any right of recovery by her if such intoxication of the driver proximately contributed to the accident and under such circumstances your verdict must be in favor of the defendant.'' The alteration complained of consisted of striking out of each of the instructions that portion following ''B''. The defendant asserts that the passage so stricken was correct as a proposition of law and should have been given. The plaintiff replies that it was given elsewhere. The reply is entirely sufficient, because an examination discloses that another instruction which the court did give was as follows: ''Contributory negligence is such an act or omission on the part of a plaintiff amounting to a want of ordinary care, as concurring or cooperating with the negligent act of a defendant, was a proximate cause of the injury complained of . . . '' And in still another instruction the court instructed as follows: '' . . . it is your duty, if you find any contributory negligence at all on the part of a plaintiff, which contributed proximately to cause the accident complained of, to render your verdict in favor of the defendant and against the plaintiff you so find to have been negligent''. The most that can be said is that the portions stricken were concrete and that the instructions which were given were general. But even if that be so it is impossible to see how the defendant could have been injured.

By reason of the two verdicts brought in, the defendant claims, it must be assumed that the jury did not understand that Miss Rogers was not entitled to recover if the

jury found that she was guilty of knowingly riding with an intoxicated driver and that her injury was a result of her contributory negligence. Of course that claim is not sound. Perhaps the jury found that Mr. McSweeney was guilty of negligence under divisions 1, 2 and 3, as hereinabove classified, but was not guilty under division 4.

Contending that all participants in a joy ride are engaged in a joint enterprise and that the negligence of one is imputed to all, the defendant requested the trial court to give an instruction to that effect to the jury. That request was denied and the defendant assigns the denial as error. In support of the legal proposition he cites *Winston's Admr.* v. *City of Henderson,* 179 Ky. 220 [200 S. W. 330, L. R. A. 1918C, 646], *Kinnie* v. *Town of Morristown,* 184 App. Div. 408 [172 N. Y. Supp. 21], *Franko* v. *Vakares,* 35 Ariz. 309 [277 Pac. 812], and *Hershey* v. *Township of Millcreek,* 6 Sad. (Pa.) 459 [9 Atl. 452]. The plaintiff replies that whatever may be the rule in other states the rule contended for does not exist in this state. She cites *Kelley* v. *Hodge Transp. System,* 197 Cal. 598 [242 Pac. 76], *Pope* v. *Halpern,* 193 Cal. 168 [223 Pac. 470], *Bryant* v. *Pacific Electric Ry. Co.,* 174 Cal. 737 [164 Pac. 385], and *Sale* v. *Illinois Electric Co.,* 114 Cal. App. 71 [299 Pac. 561]. Those cases are to the general effect that the passenger must exercise some control over the driver, or in law, may be said to possess the right of such control, before it will be held that they are engaged in a joint enterprise. Answering that reply the defendant concedes that the point has never been ruled on in this state but that the reasoning of the cases on which he relies induces him to make the contention. Furthermore he emphasizes the evidence which was to the effect that this plaintiff prepared the drinks and handed them to Mr. McSweeney. However reprehensible the act of the plaintiff may have been such act does not logically enter into or tend to change the branch of law that has recently developed into what is known as joint adventures. (33 C. J. 839.) There is not a word of testimony to the effect that at any time Mr. McSweeney entered into any kind of a contract, written or oral, with the plaintiff giving her any control or right of control over his automobile. That the participants lent their presence to the social gathering did not in any

way tend to change their property rights. We are therefore of the opinion that the point may not be sustained.

As stated above the jury returned a verdict in favor of the plaintiff in the sum of $3,500. The defendant asserts the amount was excessive. In making that assertion we think he is not sustained by the record. The evidence showed that in the accident the plaintiff was cut over the left eye and several stitches were necessary. At the time of the trial she had a defined scar on the forehead. There was evidence that it was doubtful whether the scar could be removed by any kind of a surgical operation. To what extent the appearance of the plaintiff has been marred by the scar does not appear in the written transcript. The left clavicle of the plaintiff was broken and she was compelled to have it set. She suffered much pain for some weeks. Before the trial the bone had knit and the union was very satisfactory. She also suffered many bruises, some of which had disappeared, but at the trial she still complained of suffering pain from one of the bruised spots. She had incurred medical expenses in the sum of $100. In view of all of the foregoing facts it may not be said the verdict suggests at first blush passion, prejudice or corruption on the part of the jury. It follows that a court of review may not disturb it. (*Morris* v. *Standard Oil Co.,* 188 Cal. 468, 473 [205 Pac. 1073].)

The judgment is affirmed.

Spence, Acting P. J., and Goodell, J., *pro tem.,* concurred.