[Civ. No. 9692. First Appellate District, Division Two.—August 6, 1935.]

CLIFFORD A. LEE, Plaintiff and Respondent, v. WILLIAM A. STEPHENS et al., Appellants; CALIFORNIA CASUALTY INDEMNITY EXCHANGE, Intervener and Respondent.

J. Hampton Hoge and A. Dal Thomson for Appellants.

A. Brooks Berlin and Frank Thompson for Plaintiff and Respondent.

John C. Siebert for Intervener and Respondent.

STURTEVANT, J.—On the morning of September 11, 1933, at the intersection of Fourth and Townsend Streets in San Francisco, the motorcycle driven by the plaintiff collided with a Ford coach driven by the defendant William A. Stephens. Lee suffered severe injuries and commenced this action to recover damages. The action was tried before a court sitting with a jury. The jury returned a verdict in favor of the defendants. Thereafter the plaintiff made a motion for a new trial. The motion was granted and from the order granting a new trial the defendants have appealed.

Just prior to the accident the plaintiff was driving his motorcycle with a side car attached on the south side of Townsend Street easterly between Fourth and Fifth Streets. Stephens was driving the Ford car on the westerly side of Fourth Street southerly toward Townsend Street. The plaintiff introduced evidence to the effect that before reaching Fourth Street he was traveling less than twenty miles an hour and that before he entered Fourth Street he reduced his speed. He further testified that before entering Fourth Street he looked to his left and saw the Ford car proceeding in a southerly direction. He was not asked and did not state the speed at which the Ford was traveling. However, he indicated on the diagram which is a part of the record that the Ford was at the time in question forty or fifty feet north of the northerly line of Townsend Street. The plaintiff proceeded into Fourth Street and when he was about six feet from the center line thereof he saw a passenger car going north in the easterly portion of Fourth Street. At that time he applied his brakes and slowed down to ten miles per hour. At that moment he looked again and the Ford car was going forty or forty-five miles an hour and as the witness testified, "was right on top of him". From the time he saw the Ford car the first time he did not look at it again until the time of the collision. The defendant Stephens testified that as he proceeded south on Fourth Street he had been going twenty miles an hour. As he approached Townsend Street he slowed down for the purpose of observing traffic. After he did so he noted a truck to his right traveling along the south side of Townsend Street and approximately 125 feet west of the intersection. The plaintiff's motorcycle was not in sight. The witness drove forward at about fifteen miles an hour.

When he had reached the middle of the intersection he then saw the motorcycle fifty feet to his right. It was traveling between thirty-five and forty miles an hour. The witness stepped on his accelerator in an attempt to get out of the way. The motorcycle was going on a curve slightly toward the south. The collision occurred. The motorcycle ran into the Ford. It hit the right side of the Ford about the front of the windshield. The witness applied his brakes and came to a stop on the northerly track of the Southern Pacific Company. ■ There was additional evidence in support of the case as made by each party. It is conceded at once that the question as to whether the defendant Stephens was negligent was a question for the jury and as the evidence was conflicting the record presents no question for a court of review. However, the defendants assert that the plaintiff was guilty of contributory negligence. They point to the evidence to the effect that after the plaintiff Lee looked to the north and saw the Ford car forty or fifty feet north from the property line of Townsend Street that the plaintiff paid no more attention to it but proceeded on his course and did not notice the Ford car again until it was ''on top of him''. They cite and rely on several cases in which the facts clearly showed that the defendant had the right of way and that the plaintiff attempted to appropriate it. Of course, those are not the facts in the instant case. They also cite cases in which the plaintiff observed the defendant's car, noted that it was disobeying the law and if it continued to do so a collision would follow and nevertheless the plaintiff drove into such danger without making further observations. But in the instant case such facts do not appear. There is no evidence that at the time the plaintiff first saw the Ford car or at any time thereafter until the moment of the collision the plaintiff had any information that the Ford car was disobeying the law. ■ Where, as here, the driver of one car is obeying the law and while doing so he observes a car approaching an intersection but some distance away, he is entitled to presume that the driver of such car will obey the law and the observer is entitled to direct his attention to other conditions of traffic and to the safety of other persons. He is not bound to stop. (*Wynne* v. *Wright,* 105 Cal. App. 17, 20 [286 Pac. 1057].) Nor is he bound to keep

looking at the approaching car. (*Simonsen* v. *L. J. Christopher Co.*, 186 Cal. 786 [200 Pac. 615].)

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.