[Civ. No. 12035.   Second Appellate District, Division Two.—January 31, 1939.]

JOHN A. BATE et al., Appellants, v. LOS ANGELES RAIL-WAY CORPORATION (a Corporation), Respondent.

Frank E. Carleton for Appellants.

Gibson, Dunn & Crutcher and E. H. Chapman for Respondent.

WOOD, J.—In this action plaintiffs seek a judgment for damages suffered by them when an automobile driven by plaintiff John A. Bate was struck by a street car operated by defendant. Plaintiff John A. Bate seeks to recover for personal injuries and plaintiff Crissie A. Bate seeks to recover for damages to the automobile of which she was owner. The trial court directed the jury to return a verdict in defendant's favor "on the ground of contributory negligence on the part of the driver of the car". From the resulting judgment this appeal is prosecuted.

The power of the trial court to direct a verdict is limited and has been well defined. It may direct a verdict only when, disregarding conflicting evidence and giving plaintiffs' evidence all the value to which it is legally entitled, indulging every legitimate inference which may be drawn therefrom, no evidence of sufficient substantiality to support a verdict in favor of plaintiffs, if given, may be found. (*Mairo* v. *Yellow Cab Co.*, 208 Cal. 350 [281 Pac. 66].)

Considering the evidence in the light of the foregoing rule, it appears that on December 6, 1937, at about 6 o'clock in the evening Mr. Bate was driving a heavy sedan in a northerly direction on the north bound street car track on Virgil Avenue in the city of Los Angeles at a speed of from 15 to 20 miles per hour. When he was 50 feet south of the south curb line of Melrose Avenue he signaled for a left turn and proceeded

about 30 feet when he saw defendants' street car about two-thirds of a block away. Nothing in the operation or appearance of the car impressed him as unusual. It was quite dark and the car's headlight was lighted. Mr. Bate continued to extend his arm to give the turning signal and, proceeding at approximately the same speed, turned to the left near the center of the intersection. The front wheels of his automobile were over the west rail of the south bound tracks when the automobile was struck near the middle by the street car and was pushed 40 to 45 feet down the tracks. There was other traffic in and about the intersection, which was in a district defined as a business district. The speed of street cars at such intersections was limited by city ordinance to 20 miles per hour. At the time of the collision the street car was being operated at a speed of from 40 to 45 miles per hour.

█ The issue of the alleged contributory negligence of the driver of an automobile is ordinarily to be left to the determination of the jury and it may not be taken from the jury by the court if the circumstances in evidence are such that reasonable minds might differ on the issue. █ Mr. Bate entered the intersection first and he had the right to assume that the motorman of the street car would obey the law and operate the car in a proper manner. The law permitted him to make a left turn if he could do so "with reasonable safety". (Vehicle Code, sec. 544.) The jury could take into consideration the fact that it was nearly dark, that the street car was two-thirds of a block away, and that there was other traffic at the intersection which called for the attention of the driver of the automobile. The jury might reasonably have concluded that an ordinarily prudent driver would have made the turn as did Mr. Bate. He noticed nothing unusual about the operation of the car but even if he had noticed its undue speed, as stated in *Runnels* v. *United Railroads,* 175 Cal. 528, 532 [166 Pac. 18], "he was not in law bound to believe that the car though traveling at undue speed when he saw it one-half a block or more away, would continue to violate the law and not check its speed as it drew near an intersecting street". In the Runnels case the driver of a team of horses drove across the street car tracks on January 4, at about 6 o'clock in the evening. The court held that the question of his alleged contributory negligence was a matter to be decided by the jury.

We know of no rule which makes the act of the driver of an automobile in going in front of an approaching car negligence as a matter of law regardless of the attendant circumstances. On the contrary it has been frequently held that in such cases the issue of the negligence of the operator of the automobile ordinarily should be submitted to the jury. (*Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 604 [93 Pac. 677]; *Bresee* v. *Los Angeles Traction Co.*, 149 Cal. 131 [85 Pac. 152, 5 L. R. A. (N. S.) 1059]; *Cowan* v. *Market Street Ry. Co.*, 8 Cal. App. (2d) 642 [47 Pac. (2d) 752]; *Hoff* v. *Los Angeles Pacific Co.*, 158 Cal. 596 [112 Pac. 53]; *Ring* v. *Los Angeles Ry. Corp.*, 116 Cal. App. 93 [2 Pac. (2d) 404]; *Commonwealth Bonding etc. Co.* v. *Pacific Railway Co.*, 42 Cal. App. 573 [184 Pac. 29].) The words of the court in *Ross* v. *San Francisco-Oakland T. Railways Co.*, 47 Cal. App. 753, 759 [191 Pac. 703], are appropriate in the present situation: "But a traveler may cross an electric street railway track in front of an approaching car which he sees and hears and not be negligent. If, in view of his distance from the car, the rate of its speed, and all other circumstances of the event, a reasonably prudent man would accept the hazard and undertake to cross the highway, a traveler may do so, and the propriety of his conduct is ordinarily a question for the jury."

Concerning the conduct of Mr. Bate defendant states that, "either he did not look in the direction of the car after making his first observation or if he did it was done heedlessly". In the absence of a warning of approaching danger there was no obligation upon Mr. Bate to continuously look at the street car. He was entitled to assume that the motorman would obey the law and operate the car properly and to direct his own attention to other conditions of traffic. (*Lee* v. *Stephens*, 8 Cal. App. (2d) 650 [47 Pac. (2d) 1105]; *Simonsen* v. *L. J. Christopher Co.*, 186 Cal. 786 [200 Pac. 615].)

The judgment is reversed.

Crail, P. J. concurred.

McCOMB, J., Dissenting.—I dissent. In the majority opinion it is stated: "When he (plaintiff) was 50 feet south of the south curb line of Melrose Avenue he signaled for a left turn and proceeded about 30 feet when he saw defend-

ants' street car about two-thirds of a block away. . . . Mr. Bate continued to extend his arm to give the turning signal and, proceeding at approximately the same speed, turned to the left near the center of the intersection. The front wheels of his automobile were over the west rail of the south bound tracks when the automobile was struck near the middle by the street car.''

From this statement one of two conclusions is inevitable: Either the plaintiff's testimony was not correct when he stated that he saw the street car two-thirds of a block away when he was approximately 30 feet from the intersection; or he failed to look, or looking failed to see that which was apparent.

If the first conclusion is correct, plaintiff was guilty of contributory negligence as a matter of law in failing to look and ascertain the position of the street car before turning across the tracks. If the second conclusion is correct, then he is equally guilty of contributory negligence for having failed to see that which was clearly evident, or seeing it, for having turned immediately in front of the street car.

It needs no argument to demonstrate the physical impossibility of a collision between an automobile, traveling at the rate of 15 to 20 miles per hour 20 feet from a given point, and a street car which, at the time the automobile is 20 feet from the given point, is two-thirds of a block from the same point. Obviously from the fact that there was a collision, under the above stated facts it is clear that plaintiff turned immediately in front of the street car and was thus contributorily negligent.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 23, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1939. Shenk, J., voted for a hearing.