[Civ. No. 2474.  Fourth Appellate District.—June 18, 1940.]

MARJORIE CLARK et al., Respondents, v. ELMER R. JANSS, Appellant.

McFadden & Coomber for Appellant.

Wm. J. M. Heinz for Respondents.

BARNARD, P. J.—The plaintiffs were injured in a collision between an automobile in which they were riding, and which was driven by Marie Clark, and another car owned by the defendant. In this action for damages the court found that the collision occurred as a result of negligence on the part of the defendant and contributory negligence on the part of Marie Clark. From a judgment for $1139.50 in favor of the plaintiff Marjorie Clark, the defendant has appealed.

The sole ground of appeal is that, as a matter of law, the negligence of Marie Clark must be imputed to Marjorie Clark since the undisputed evidence conclusively shows that the two plaintiffs were engaged in a joint enterprise.

It is well settled in this state that in order to constitute a joint enterprise in such a case as this it is not sufficient that the parties in question have a common purpose and a common destination, but the one to whom negligence is sought to be imputed must have exercised control over, or have had the legal right to control, the actions of the other in the driving of the car. (*Pope* v. *Halpern,* 193 Cal. 168 [223 Pac. 470]; *Kelley* v. *Hodge Trans. System,* 197 Cal. 598 [242 Pac. 76]; *Wessling* v. *Southern Pac. Co.,* 116 Cal. App. 455 [3 Pac. (2d) 25]; *Rogers* v. *Goodrich,* 131 Cal. App. 245 [21 Pac. (2d) 122]; *Collins* v. *Graves,* 17 Cal. App. (2d) 288 [61 Pac. (2d) 1198]; *Moore* v. *Franchetti,* 22 Cal. App. (2d) 75 [70 Pac. (2d) 492]; *Peccolo* v. *City of Los Angeles,* 8 Cal. (2d) 532 [66 Pac. (2d) 651].) In *Wessling* v. *Southern Pac. Co., supra,* the court said: "The true rule in this state, as we understand it, is that where there is nothing in common between the passenger and the driver of the vehicle except a common destination and a common purpose in going there the negligence of the driver is not to be imputed to the passenger but the passenger must control or have some legal right to control the actions of the driver in the operation of the vehicle." In *Collins* v. *Graves, supra,* in discussing this rule, it is said:

"The circumstances must be such as to show that the occupant and the driver together had such control and direction over the automobile as to be practically in the joint or common possession of it. 'Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interest in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control and management.' "

The evidence relied upon by the appellant to support his contention is thus stated by him:

"Marjorie and Marie are sisters. The car in which they were riding at the time of the accident was owned by their mother, who loaned, or 'gave them permission to use', the car

for the purpose of driving to Santa Ana and eating dinner. They proceeded to Santa Ana, ate dinner, and on the way home became involved in the accident out of which this litigation arose.

"Marie drove to Santa Ana and was driving en route home at the time of the accident. Just why Marie drove instead of Marjorie is not clear. It appears that all the driving for the family is done by Marie and Marjorie. When starting upon this trip no particular consideration was given to the question of who would do the driving; for in the family it was not a question of one or the other driving, either might drive. Upon this occasion Marjorie didn't want to drive. Nothing was said to Marie concerning the driving, it was just taken for granted. Marjorie went out and closed the garage door, at which time Marie stepped under the driver's wheel. Had Marjorie wanted, she could have driven both to Santa Ana and on the return trip. . . .

"Questions designed to elicit information in connection with the right, or authority, to control the car brought forth the following facts: That while Marie, in driving to Santa Ana, selected and chose the route, apparently the route actually traveled met with Marjorie's approval and she made no objection. Also, that there was no discussion about any particular route to be taken. In Santa Ana, the place of parking the car was agreeable with Marjorie, but Marjorie stated that had there been an objection Marie would gladly have parked the car in the place indicated by her if it were possible.

"After the collision, Marjorie approached Mr. Hargrove, who was present at the scene of the accident, and made the following statement: 'You know me, Mr. Hargrove, I am Marjorie Clark. Will you please look after my car while I am gone?' "

It is argued that Marjorie Clark's request to a bystander to look after the injured car indicates that she had an interest in the car at least equal to that of her sister; that the undisputed facts show that the right to drive the car had not been given to Marie Clark individually or to Marjorie Clark individually, but had been given to both of them; that either one had the privilege of driving and the only reason Marie Clark drove was because her sister did not want to drive; and that these facts establish as a matter of law that the

two were, at the time of the accident, engaged in a joint enterprise.

The burden of proving a joint enterprise rested upon the appellant (*Huber* v. *Scott*, 122 Cal. App. 334 [10 Pac. (2d) 150]). In the absence of more convincing evidence than here appears, that burden was not met and much less may it be held as a matter of law that such a situation existed. The mother of the plaintiffs had given each of them permission to drive the car. In the absence of any showing to the contrary this necessarily implies the right of each to fully control the operation of the vehicle during the time she was driving it. Although each was given that right during the time she was driving, there is nothing to show that either was given any right of control over the actions of the other while the other was driving. It cannot be presumed, in the absence of evidence, that the mother gave both daughters the right to drive or to control the operation of the vehicle at the same time, or gave either of them the right to control while the other was driving. The fact that each had permission to use the car in no way indicates that either had the right to interfere with or control the other's operation of the car. Nothing further appears than that these sisters had a common destination and a common purpose in making this trip, and there is an entire absence of evidence showing the necessary right of control on the part of the respondent Marjorie Clark.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.