**222 P.2d 606**

**GRIEGO v. CONWELL et al.**

No. 5290.

Supreme Court of New Mexico.

Sept. 20, 1950.

.. 

W. A. Keleher, A. H. McLeod, Albuquerque, Gilbert & Gilbert, Santa Fe, for appellants.

Rodey, Dickason & Sloan, Frank M. Mims, Jackson G. Akin, Gino J. Matteucci, all of Albuquerque, for appellee.

McGHEE, Justice.

This case was brought under the wrongful death statute, 1941 Comp. § 24-101 et seq., by the widow of Jose M. Griego, who it was claimed died as a result of the negligent operation of an automobile by the appellant Erle M. Conwell while acting in the course of his employment for his co-appellant, Public Service Company of New Mexico. The case was submitted to a jury which returned a verdict for the appellee (plaintiff below) for $15,000. A motion for a new trial was overruled, whereupon judgment was entered in accordance with the verdict.

In this court the appellants admit that Conwell was negligent but say that the deceased was guilty of contributory negligence as a matter of law, and that the trial court erred in denying their various motions seeking a directed verdict on that ground.

Griego was employed at the Santa Fe Shops and had quit work at 11:00 P.M. He then washed and changed clothes, which usually required from ten to fifteen minutes. The accident occurred shortly before midnight. Griego had parked his car on the right-hand side of the blacktop with

the headlights burning. The center line of the blacktop was not marked. One witness testified that the left-hand side of the car was approximately three feet from the center line while another put it at or very near the center.

Conwell and his wife had attended a cocktail party at La Fonda in Santa Fe from 7:30 to 8:30 P.M., and had then eaten at a banquet in the same city. They left for Albuquerque at about 10:30 or 10:45 P.M. Conwell testified that as he approached the place of the accident he saw that the Griego car was parked; that he was blinded by its lights, and as he ran through these lights he saw Griego in the road but that he could then not avoid striking him. Griego's body was found about 36 feet south and east of his car. A flashlight was found near the body. The left front fender and the radiator of the Conwell car were crushed backward, and testimony was given that there was a fresh dent or mark on the left rear fender of the Griego car that was not there before he drove the car to work that afternoon.

Tests for alcohol were made of blood taken from Conwell and the Griego body within a little more than an hour after the accident. The tests showed Conwell's blood to be free of alcohol but Griego's blood showed 160 milligrams of alcohol, ten more than enough to show intoxication. Conwell admitted that he drank three high-balls at the cocktail party and the medical testimony was to the effect that while there are exceptions in individuals, ordinarily it takes from ten to twelve hours for alcohol to leave the bloodstream of a person.

We begin the consideration of the issue of contributory negligence mindful of the rule of law that in such a case as this the diligence and due care of the deceased is presumed, and a verdict cannot be directed against his representative on this issue unless reasonable men could not differ in finding him contributorily negligent. Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540, Padilla v. Atchison, T. & S. F. Ry. Co., 16 N.M. 576, 120 P. 724, and Russell v. Davis, 38 N.M. 533, 37 P.2d 536.

The evidence is undisputed that Griego parked his car on the blacktop and as we look at the facts in the most favorable light in support of the verdict, it should be placed with its left side at approximately three feet to the right of the center of the pavement. The evidence is undisputed that the right shoulder of the road was smooth and wide enough to have accommodated his car. In addition, we have undisputed testimony that a deputy sheriff started the motor without difficulty and drove the car to the courthouse. These facts establish a violation of Sec. 68-523, 1941 Comp., and as held by this court in Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382, and Hisaw v. Hendrix, 54 N.M. 119,

215 P.2d 598, constitute negligence per se, if the car was not disabled when it stopped.

There is a distinction between this case and the Madrid and Hisaw cases. There the cars blocked the side of the road on which the injured parties were traveling and in each case one driving on the same side of the road ran into them. In the Madrid case the stopped motor vehicle was without lights, while in the Hisaw case a car on the side of the road blinded the driver of the Hisaw car until too late for him to avoid striking the Hendrix car. Here the entire side of the road on which Conwell was driving was clear and there was ample room for him to pass, and he had actually seen the lights of the Griego car for some distance.

█ The jury was fully instructed on this feature of the case by the trial court. By its verdict it had to find that the stopping of the car on the pavement did not proximately contribute to the accident, and we are unable to say as a matter of law that such finding was unwarranted. Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585.

The appellants strenuously insist that under instruction No. 25 given by the court they are entitled to a reversal, saying that it was not excepted to and is now the law of the case; that there was no valid reason why Griego could not have easily seen the approaching Conwell car and stayed out of its way instead of standing or walking on the pavement behind his lights and in the line of travel of the Conwell car. The instruction reads as follows: "You are further instructed that where an automobile driver and a person on foot are equally advantageously situated for discovering the presence of each other, and each discovers, or should in the exercise of reasonable care and caution, discover the other's presence at about the same time, neither can be found guilty of negligence without also finding the other negligent; and if neither discovers the other until too late to avoid a collision, and the person on foot was in as good a position to discover the automobile as the driver was to discover him, no recovery on behalf of the person on foot can be had."

█ It is true that this instruction is now the law of the case, but so are the others given by the trial court and they must be read together. In addition, the rule of presumed due care of the decedent comes to the aid of the appellee. The trial court fully instructed the jury on the issue of contributory negligence and no attack is made here on any of the instructions.

After a careful consideration of the record in this case, we are unable to say, taking into consideration the presumption of due care on the part of Griego, that the appellants established as matter of law that Griego was guilty of negligence, which proximately contributed to the accident re-

sulting in his death, and that we should overturn the verdict of the jury on that point.

The remaining assignments relate to claimed improper statements made in the arguments to the jury by appellee's attorneys. The statements are summarized by the appellants as follows:

1. That the real question in the case was whether the loss suffered by Griego's widow and her six children should be borne by the public and public relief agencies or by the Public Service Company of New Mexico, who caused and were responsible for Griego's death. (There was no proof in the record on the relief feature.)

2. That counsel consistently referred to Mrs. Griego's six children, when, in fact, she and Griego had only two living. (She did have four minor children by a prior marriage living with her.)

3. Counsel for the appellee stated there was no evidence to show whether the blood taken from Griego, used in the test for alcohol, was taken before or after it was embalmed, whereas the uncontradicted evidence of the undertaker was that it had been taken before embalming.

4. Counsel stated that the court had ruled that there was merit in the plaintiff's case which would warrant a judgment in her favor.

5. Counsel stated that the special interrogatories had been submitted to the jury by the defendants.

Objections were made to statements summarized in numbered paragraphs 4 and 5, supra, and the court gave what at the time seemed to be suitable admonitions to the jury. At least no request was made that the court go further. Objections were not made to the other statements.

We agree with the appellants that it is the duty of the trial court to keep the attorneys in the record while they address the jury, but there is also a responsibility resting on the attorneys who consider the remarks improper. Medler v. Henry, 44 N.M. 275, 101 P.2d 398, and Miller v. Marsh, 53 N.M. 5, 201 P.2d 341. In this case each side was represented by attorneys who try a great many negligence cases, and they are nearly always found on the side of the defendant. In fact, they probably appear in such cases as often, at least, as any attorneys in New Mexico.

We can easily put ourselves in the place of the trial judge when the appellants' attorneys let opposing attorneys go out of the record without objection. He, no doubt, had the thought that this is a case where "Greek meets Greek," and if they want to sit by and let such argument be made without objection he would not interfere.

We do not want to be understood as condoning the acts of counsel who

go outside the record, or who attempt to inflame the minds of the jurors against the opposing litigant, and we reserve the right in a proper case to reverse the judgment and award a new trial even if objection be not made, but we do not believe this is a case calling for such action.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.