263 P.2d 557

**GUTIERREZ et al. v. KOURY.**

No. 5657.

Supreme Court of New Mexico.

Nov. 19, 1953.

McAtee & Toulouse, Albuquerque, for appellant.

Gilberto Espinosa, Albuquerque, for appellees.

LUJAN, Justice.

This is an appeal from a judgment awarding damages to each of the three named plaintiffs for personal injuries occasioned by the collision of a passenger motor vehicle, in which plaintiffs were riding, with the rear end of a truck owned and operated by the defendant. The collision, resulting in the damages complained of, took place, at approximately 10:15 o'clock on the evening of May 11, 1952, on U. S. Highway 85, at a point about 300 feet from where North Second Street enters the above highway. U. S. 85 is a paved four-lane highway, 40 feet in width, perfectly level and runs in a northerly and southerly direction at the place of impact.

The evidence shows that the truck was parked on the outer lane of said highway with no lights burning at the time, as testified to by plaintiff, Leo A. Gutierrez and the defendant; and that said plaintiff was driving his automobile with dimmer lights burning which lights enabled him to see 75 feet straight ahead. The plaintiff testified substantially as follows: That he was returning to his home, with his family, in Bernalillo from Albuquerque where he had gone to take a friend and his family; that the night was pretty dark; that he was traveling on the outer lane of the highway at approximately 40 to 45 miles per hour; that he was driving with dim lights on; that after he passed the Sandia filling station he had traveled about 300 feet when he collided with defendant's truck which was parked on the outer lane of the highway with no lights burning; that he first noticed the truck when he was from 25 to 50 feet away from it; that he then swerved to his left in an effort to avoid hitting it; that the right front of his car hit the rear left end of the truck.

The defendant testified substantially as follows: That he was returning to his home in Bernalillo from Albuquerque where he had gone to purchase some merchandise; that on his way home his one-half ton truck developed ignition trouble and stalled on the outer lane of the highway approximately 300 feet from the Sandia filling station; that his lights went out; that he tried five or six times to get the truck started but was unable to do so; that he then stood behind the truck and tried to flag five cars to stop but without success; that he then left the truck where it stalled and went back to the filling station to get help; and that while there the plaintiffs' car collided with the rear end of his truck.

The cause was tried to the court without the aid of a jury. It resolved the issues in favor of plaintiffs and defendant appeals.

The court found:

"1. On May 11, 1952, Plaintiff Leo Gutierrez was driving his personally owned 1939 Dodge Two Door Sedan in a northerly direction on U. S. Highway 85 at approximately the hour of 10:15 P. M. He was traveling at a rate of speed within the allowable velocity on said highway and with his car lights burning and in a careful manner and without negligence. Plaintiffs Pedro Gutierrez a minor and Filia Gutierrez were passengers in said car.

"2. That prior to the accident which occurred, defendant Richard Koury had been driving his personally owned Chevrolet half Ton Truck on U. S. Highway 85, in a northerly direction; that said truck had stalled at a point approximately three hundred yards north of the intersection of North Second Street and U. S. Highway 85; that defendant left said truck parked in the outside lane of said Highway with the lights of the car not burning and without flares or other lights to warn other motorists while he went for assistance.

"3. That plaintiff was without negligence on his part."

The court concluded as a matter of law:

"2. The accident involved in this case was caused solely by the negligence of the defendant in leaving his truck on the highway without flares or other lights to warn other motorists."

Defendant contends that he was not negligent for leaving his disabled truck on the paved portion of the highway, because exempt under Section 68–523 (c) of 1941 Compilation. We are unable to agree with this contention. This section provides:

"(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or resi-

dence district, *when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion* of said highway * * *. (Emphasis ours.)

\* \* \* \* \* \*

"(c) The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is *impossible* to avoid stopping and temporarily leaving such vehicle in such position." (Emphasis ours.)

There was nothing about the physical condition of the highway to prevent or render impracticable driving the truck off of the paved portion of the highway unto the side of such highway. It was perfectly level at this point. The truck was not disabled in such manner and to such extent, at the time it began chugging, that it was impossible to avoid stopping and temporarily leaving it in such position. See Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382. From defendant's own testimony it appears that he had ample time within which to steer his truck clear from the highway had he exercised due diligence. He testified:

"Q. When did you know your truck was going to stop in the highway? A. About *twelve feet* from where I stopped. The car was beginning to act,

you know, not natural like, chugging, and all of a sudden it stopped."

Having had the opportunity to steer his truck to the side of the highway when it began chugging, the statute imposed upon him the duty of so doing. Duncan v. Madrid, supra. It was this negligence of the defendant, and not any impracticability of driving off of the lane of traffic and stopping his truck as he did, that caused it to stop on the paved portion of the highway.

It is next contended that he was under no legal duty to place flares or any other lights on the highway to warn motorists of his situation. Much of defendant's argument on this point is on the theory that no duty is owing the driver of a truck by the operator of a disabled vehicle, save as prescribed by Section 68–728 of 1941 Compilation, which provides, in part:

"No motor vehicle carrying a truck license and of more than one (1) ton capacity in the transportation of passengers or property shall be operated over the highways of this state at any time without carrying in an accessible place the following emergency lighting equipment * * *.

\* \* \* \* \* \*

"In any case of a breakdown or stop, other than stops required by law, upon the paved or traveled portion of the highway between sundown and sunrise, the driver shall immediately display a

lighted fusee type flare at the side of the vehicle nearest the traffic, and then proceed forthwith to light and place said oil torches as follows: * * *."

■ While unquestionably defendant was not subject to the above provision of the statute because not applicable to him, nevertheless, that did not relieve him from the duty of exercising reasonable care to protect others using the highway from injury by reason of colliding with his unlighted truck parked on paved portion of the highway. That duty is based on the well established common law principles which are applicable to the case at bar.

The defendant, after he found himself unable to move his truck, which he stopped as he did, owed the duty to plaintiffs and others approaching the same, to exercise reasonable care to warn them of their peril. A failure to perform this duty was negligence and such negligence was the proximate cause of the collision, resulting in injury to the plaintiffs.

■ Defendant's contention, that the primary negligence was that of the plaintiff, Leo A. Gutierrez, in proceeding at a rate of speed which did not permit him to stop within the distance covered by the range of his lights, cannot prevail. He relies on what was said in the case of Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671, that one who drives so fast he can not stop within the range of his headlights is ordinarily negligent as a matter of law. However, we believe that under the circumstances present in this case and the findings of fact of the trial court, as well as the presumptions in aid of such findings and the judgment are sufficient to take the case at bar out of the doctrine of above case. See, also, Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585.

The plaintiff's Leo A. Gutierrez speed being lawful and reasonable and his handling of his car being such as a reasonable prudent man would indulge in, the fact that his lights did not reveal the truck left standing on the highway by the defendant did not make him guilty of contributory negligence in failing to see that object in time to avoid hitting it.

Section 68–504 (b) of 1941 Compilation provides:

"No truck shall be operated at a speed greater than 50 miles per hour. Passenger automobiles and busses may be operated at such speeds as shall be consistent at all times with safety and the proper use of the roads."

■ Absent notice to the contrary, Leo A. Gutierrez had a right to assume that the lane of traffic on which he was traveling was free from obstructions or, if not, that the one responsible for its blockage would give adequate and proper warning thereof. Plaintiffs were where they had a right to be, and they were not bound to anticipate that

the defendant would leave his truck standing in the middle of the paved portion of the highway unattended and without lights.

The situation reviewed by this court in Duncan v. Madrid, supra, wherein the administratrix of a passenger, in which the driver of a following car, recovered damages from the owner of an unlighted truck, stationary in the highway, possesses much appositeness in principle to the case at bar. There the operator of the automobile was driving along the highway, during the nighttime at between 40 and 45 miles per hour, when he suddenly collided with an unlighted truck which was parked on the paved portion of the highway. The court said:

"* * * We refuse to say that under the circumstances Jenperrin did not act as an ordinarily prudent man would have acted under the circumstances. He saw the lights of the approaching car for approximately one-half mile and probably could have seen a red taillight on the truck for some distance if there had been any taillight burning on the truck. There is no evidence that at the time of the accident, or prior thereto, Jenperrin was violating any statutory standard of conduct. * * *" [44 N.M. 249, 101 P. 385.]

In the instant case the trial court found that the plaintiff, Leo A. Gutierrez, was traveling at a rate of speed within the allowable velocity on the highway, with his lights burning, and in a careful manner and without negligence on his part. We are of opinion that the proximate cause of the accident, the causa sine quo non, was the negligence of duty on the part of the defendant in parking his truck on the main traveled portion of the highway without indicating its presence by a warning light which might have given notice to the plaintiff of the peril in front of him.

The proximate cause of the injuries to the plaintiffs was the negligent parking of the truck and the negligent failure in leaving it unattended and unlighted which the defendant thus created.

Other questions are raised, but are without merit.

The judgment of the district court should be affirmed, and it is so ordered.

SADLER, C. J., and McGHEE, COMPTON, and SEYMOUR, JJ., concur.