414 P.2d 503

**Eula Mae BAILEY and Barbara Jane Allen, Plaintiffs-Appellees,**

v.

**JEFFRIES–EAVES, INC., a corporation, Carl Adam Dove, Donald W. Freese and Transport Indemnity Company, an insurance corporation, Defendants-Appellants.**

No. 7698.

Supreme Court of New Mexico.

May 16, 1966.

Sutin & Jones, Albuquerque, Matias A. Zamora, Santa Fe, for appellants.

Patricio S. Sanchez, Santa Fe, for appellees.

CHAVEZ, Justice.

Defendants-appellants appeal from a judgment entered pursuant to a jury verdict in favor of each of plaintiffs-appellees.

On December 3, 1961, between 5:45 and 6:00 p. m., plaintiff Allen was driving her pickup truck in a northerly direction on U. S. Route 85 about a mile south of Santa Fe. Plaintiff Bailey was a passenger in the pickup truck and was riding in the front seat on the right hand side. Defendants are the owner, lessor, driver and insurer of a tractor-trailer unit which had stopped on that same highway. The pickup truck in which plaintiffs were riding ran into the rear of defendants' tractor trailer.

Both vehicles were damaged and plaintiffs were injured.

At the point of collision, the highway is a four-lane road, with a barrier running along a median which divides the two north-bound lanes from the two south-bound lanes. Each lane is eleven and one-half feet in width. Both vehicles were headed north.

The road is straight and level for about one-half mile before the scene of the accident. The highway was dry, the weather clear, and visibility was unimpaired except for darkness. The speed limit at this point of the road was fifty-five miles per hour.

Near the scene of the accident, there was a cafe truck stop with an unusually bright light in front of it near the highway. In addition, another accident had occurred shortly before this one, in the south-bound lanes, and various vehicles had collected around that accident. Although the testimony is contradictory, all witnesses except one located the tractor trailer within the right-north-bound lane when it was struck by plaintiff's truck.

Defendants contend that the verdict of the jury, finding defendants' driver Dove guilty of negligence and plaintiff Allen free from contributory negligence, is not supported by substantial evidence.

Plaintiffs' cause is based on two acts, either of which could support a finding that defendants were negligent. The first is that defendants negligently blocked the highway and impaired the safety of others; and the second is that defendants failed to warn approaching motorists, such as plaintiffs. The manner prescribed by the legislature for warning approaching vehicles, in a situation such as the present one, is set out in § 64–20–53, N.M.S.A., 1953 Comp.

The evidence is undisputed that defendants' tractor trailer suffered fuel pump failure and could not be moved. The driver's testimony, that he had just pulled onto the highway, was going about seven to ten miles per hour when the motor failed, and that he coasted as far to the right as was possible, was not contradicted.

Only one witness stated that the tractor trailer was not fully within the right-north-bound lane, and he admitted that the tractor trailer did not block the left-hand lane of traffic. Other witnesses testified that cars had passed the stalled tractor trailer in the left-north-bound lane. Inherent in § 64–20–53, supra, is the fact that the mere stopping of a disabled vehicle on the pavement is not negligence; however, once a vehicle is so stopped, it is necessary that the driver comply with the statute, which provides in part:

"Emergency signals; disabled vehicle. —Whenever any motor vehicle is disabled upon the traveled portion of any highway or the shoulder thereof, when lighted lamps are required, except in cities, towns

and villages where there is sufficient highway lighting to make it clearly discernible to persons and vehicles on the highway at a distance of 500 feet, the following requirements shall be observed:

"(a) The driver of such vehicle shall immediately place on the traveled portion of the highway at the traffic side of the disabled vehicle, a lighted fusee and a lighted red electric lantern, or a red emergency reflector.

"(b) Except as provided in paragraphs (c) and (d) of this section, as soon thereafter as possible, but in any event within the burning period of the fusee, the driver shall place three [3] liquid-burning flares (pot torches), or three [3] red electric lanterns, or three [3] red emergency reflectors on the traveled portion of the highway in the following order:

"1. One [1] at a distance of approximately 100 feet from the disabled vehicle in the center of the traffic lane occupied by such vehicle and toward traffic approaching in that lane;

"2. One [1] at a distance of approximately 100 feet in the opposite direction from the disabled vehicle in the center of the traffic lane occupied by such vehicle; and

"3. One [1] at the traffic side of the disabled vehicle, not less than 10 feet to the front or rear thereof. If a red electric lantern or red emergency reflector

has been placed on the traffic side of the vehicle in accordance with paragraph (a) of this section, it may be used for this purpose.

"* * * * * *

■ In New Mexico it is established that violation of this statute, in accidents of the type considered here, is negligence per se. See, Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382; Hisaw v. Hendrix, 54 N.M. 119, 215 P.2d 598, 22 A.L.R.2d 285; and Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047.

■ In considering the question of whether there is substantial proof upon which the verdict was based, we must view the evidence in the light most favorable to the verdict. Minor v. Homestake-Sapin Partners Mine, 69 N.M. 72, 364 P.2d 134; Jimenez v. Shop Rite Foods, Inc., 72 N.M. 184, 382 P.2d 181; Brown v. Pot Creek Logging & Lumber Company, 73 N.M. 178, 386 P.2d 602.

Although the statute requires defendants' driver to place warning devices approximately 100 feet behind the stalled vehicle, the driver's own testimony and depositions indicate possible failure to do so. The driver testified that he placed a reflector among the first four fusees which he put out. His testimony indicates that these fusees extended about 40 feet behind the tractor trailer and were twenty-minute fusees.

No other witnesses placed a reflector close to 100 feet to the rear. The witness Archuleta was indefinite as to distance, and Officer Pickett's testimony concerned a time well after the accident. Considerable testimony was taken concerning fusees, but their presence does not meet the statutory requirement.

■ Defendants argue that plaintiffs brought their action in common law failure to warn, and that defendants' driver acted as a reasonable person in warning approaching traffic. It is generally held that a statute such as § 64–20–53, supra, is a legislative substitution for the common-law standard of the reasonably prudent man. Lynghaug v. Payte, 247 Minn. 186, 76 N.W. 2d 660, 56 A.L.R.2d 1090; Fields v. Missouri Power and Light Company (Mo. 1963), 374 S.W.2d 17. However, the jury may find that, under certain circumstances, the standard of due care requires more than compliance with the minimum standards of a statute. Peterson v. Salt River Project Agricultural Improvement & Power District, 96 Ariz. 1, 391 P.2d 567.

The application of § 64–20–53, supra, was proper, and the jury's consideration of it in relation to other facts in the case was correct.

■■ There is contradictory testimony concerning compliance with the statute of defendants' driver, highlighted by his own indefiniteness. It is well founded in this jurisdiction that a reviewing court will not weigh the evidence on appeal. We believe that there is substantial evidence on which the jury in this case found that the defendant driver was negligent.

We next consider the second part of defendants' primary contention: that plaintiff Allen, the driver of the pickup truck which struck the stalled tractor trailer, was guilty of contributory negligence, and that the jury verdict in her favor was not supported by substantial evidence.

Only one witness testified that there were no warning devices on the roadway or on the tractor trailer, other than the reflector which plaintiff Allen struck just before she struck the stalled tractor trailer, and that was plaintiff Allen herself. Among the witnesses at the scene of the collision, one did not recall whether any warning devices existed at the scene, but the other witnesses remembered seeing at least one fusee, and others recalled more than that number. Defendant driver did not testify that he saw any, but claimed that insufficient time had passed for the fusees to expire.

The same is true concerning lights on defendants' tractor trailer. While plaintiffs' witnesses did not remember whether the tractor trailer's lights were illuminated or flashing, none could refute the driver's testimony, or that of one witness, that the lights of the tractor trailer were illuminated at the time of the accident.

Although the lighting situation around the stalled tractor trailer at the time of the accident may not have complied with the applicable statute, it is clear from the evidence that the stalled tractor trailer was not totally dark.

■ The parties cite several cases decided by this court concerning accidents in which an approaching vehicle struck another vehicle which was stalled on the roadway. We agree with the holding in two of those cases, Williams v. Haas, 52 N.M. 9, 189 P.2d 632, and White v. Montoya, 46 N.M. 241, 126 P.2d 471, that contributory negligence is a question generally for the jury; however, we do not believe that those cases are otherwise applicable.

In Duncan v. Madrid, supra; Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585; Gutierrez v. Koury, 57 N.M. 741, 263 P.2d 557; and Zanolini v. Ferguson-Steere Motor Co., 58 N.M. 96, 265 P.2d 983, the evidence was clear that the stalled vehicle did not have any warning devices around it. Such is not the situation in the present case.

Terrel v. Lowdermilk, 74 N.M. 135, 391 P.2d 419, is of no help because in that case the driver of the stalled vehicle was the plaintiff, and the court considered the question of substantial evidence relative to a finding by the court that the driver, striking a properly marked stalled vehicle, was negligent.

Defendants rely on the language used in Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671, in which the defendant drove her car into the rear of a vehicle parked partially on the road. No warning devices were visible to the rear. The court stated that one who drives his car so rapidly on a highway at night that he cannot stop within the range of his headlights is guilty of negligence as a matter of law. Frei actually held that a jury verdict, finding the defendant negligent, was sustained by the evidence.

Plaintiffs refer to Gutierrez v. Koury, supra, in which the language of Frei v. Brownlee, supra, was expanded. In Gutierrez, the plaintiff had struck defendant's stalled vehicle and defendant sought to have recovery denied due to plaintiff's contributory negligence. The court noted that the stalled automobile did not have its lights on, nor were any warning devices present, and refused to reverse a finding that plaintiff was not guilty of contributory negligence. In both of those cases, opposite findings concerning negligence on the part of the approaching driver were allowed to stand, there being sufficient evidence to sustain them. It is noted, however, that in both of those cases the stalled vehicle was unlighted and no warning devices were displayed. It is indicated that a jury may go either way in such a situation.

One New Mexico case, involving a partially marked stalled vehicle which was

struck by another automobile, is Hisaw v. Hendrix, supra, in which a tow truck had its clearance lights illuminated and, near it, was a police car with its emergency red light operating. Defendants' truck was struck by plaintiffs' car. Defendants contended that plaintiff driver was contributorily negligent in not realizing that there was danger ahead when the tow truck and the police car passed him, prior to the collision, and in not stopping when blinded by the headlights of an approaching vehicle. The evidence showed that plaintiff driver had responded to the approaching lights by slowing and had attempted to stop just before the collision. The court held that it was for the finder of the facts to determine whether plaintiff should have stopped under such conditions. The court found sufficient evidence to sustain a finding that plaintiff was blinded by the glare of the approaching headlights, and that a conclusion that plaintiff was not guilty of contributory negligence was permissible. The facts in Hisaw are distinguishable from the facts in the instant case.

Here, as plaintiff driver was driving north and approached the scene of the accident, she was apparently distracted by lights. Immediately before the accident, to her left and on the south-bound lanes, she saw a flashing light like a dome of police cars, and the headlights of several automobiles which surrounded another accident. At the same time, to her right, she saw a

cafe and "the large flashing light that blinks, comes on real light and builds up to a crescendo and flashes and goes out." This bright light, high up and in front of the cafe, was described by this witness as having a definite pattern, as "it starts out as a rather dim light. It grows brighter and brighter and brighter and comes to a huge bright light and flashes and goes out."

■ In addition, plaintiff-driver Allen saw none of the fusees seen by other witnesses at the scene of the accident. She testified that she never saw the large, loaded tractor trailer with which her truck collided, and that her bright lights were on at the time of the accident. Even assuming that her lights were dimmed and that the other lights distracted her, it seems incredible that she never saw the tractor trailer if she were looking ahead. Plaintiff Allen testified about seeing the flashing lights and other lights across the road and stated that, at the moment of the accident, she could not say that she was looking directly ahead. Such facts show that plaintiff driver was not keeping a proper lookout and was, therefore, contributorily negligent. Such negligence bars her recovery from defendants.

■ Defendants argue that the proximate cause of the collision was the negligence of plaintiff-driver Allen. Although they do not say so, we assume that they feel that her negligence was a supervening

and insulating cause. While we agree with defendants, that plaintiff driver was contributorily negligent, we do not believe that her negligence was the type which would supervene that of defendant driver and relieve defendants of liability. Under the facts of this case, we find that the negligence of the parties concurrently caused the accident. See, Anderson v. Johnson, 208 Minn. 373, 294 N.W. 224; Wilson v. Edwards, 138 W.Va. 613, 77 S.E.2d 164. Thus the Bailey verdict and judgment is not subject to the same bar as to recovery as is that of Allen.

Defendants' request for a new trial, due to the jury's verdict concerning negligence, has been covered above. Their complaint concerning the question of plaintiffs' attorney, regarding Officer Pickett's consideration of citing defendants' driver Dove for a traffic violation, was properly cured by the trial court's instruction.

Defendants refer to Griego v. Conwell, 54 N.M. 287, 222 P.2d 606; American Insurance Company v. Foutz and Bursum, 60 N.M. 351, 291 P.2d 1081; Chavez v. Valdez, 64 N.M. 143, 325 P.2d 919, and contend that this case should be re-tried due to comments by plaintiffs' attorney which were not supported by the evidence in the case. In Griego, the comments were not sufficient to warrant a new trial. In American Insurance Company, the matter was reversed on other grounds, and the court only commented that persistence in the attorney's action could warrant a new trial. In Chavez, the attorney referred to facts never proven in his opening statement. We do not believe that the comments by plaintiffs' attorney in this case were of such a serious nature as to warrant a new trial.

■ Defendants allege that they did not receive a fair trial as shown by the trial court's action concerning plaintiff Allen's statement to Officer Pickett, refusal to admit certain evidence, and conduct which showed favoritism toward plaintiffs. We have searched the record and find that such actions were not indicative of an unfair court or trial. The trial court did not abuse its discretion in denying a new trial.

■ Defendants further contend that the trial judge had some knowledge concerning the physical condition of plaintiffs immediately following the accident, and that this knowledge made him unqualified to hear the case. The cases cited by defendants show much more judicial involvement than was present in this case. The knowledge which the trial judge learned was of no consequence to the issues involved at trial and was not of itself sufficient to show bias or favoritism. We would observe, however, that, without reviewing the entire circumstances here, it is apparent that the failure of the trial judge to advise counsel before trial of the knowledge which he had of the case created

the appearance of partiality, which cannot be condoned. We also direct attention to State v. Sedillo, 76 N.M. 273, 414 P.2d 500, in which we set out the functions of a trial judge in eliciting facts and in which we emphasize the care which a trial judge must exercise to assure the parties a fair and impartial trial.

Defendants next contend that the fact that the jury awarded equal damages to plaintiffs, when one was much more severely injured than the other, indicated that the jury was reacting to forces other than the evidence. Under our holding above, we are now faced with only the possible excessiveness of plaintiff Bailey's award.

■ There is no standard set by the law for measuring pain and suffering, and we will not weigh the evidence, but will only examine the evidence to see if, viewed in a light most favorable to the award, it affords support therefor. Massey v. Beacon Supply Company, 70 N.M. 149, 371 P.2d 798.

■ Defendants admit that plaintiff Bailey was unconscious upon arrival at the hospital following the accident; that her jaw was broken in five places; that she was hemorrhaging and had lost teeth; that she had extensive facial cuts, leaving prominent scars; that she had a cervical syndrome; and that she was unable to work, even parttime, for eight months. We cannot say that such evidence does not support an award of $25,000.

Defendant Freese contends that the trial court erred when it failed to award him $2545.20 for depreciation in value, cost of repairs, and loss of use of the trailer with which plaintiff Allen's truck collided.

Plaintiffs' amended complaint alleged that defendant-driver Dove was the agent of Jeffries-Eaves, Inc. and Fréese, or one of them. Defendants' answer denied this, and counter-claimed on behalf of Freese for damages to his trailer. Plaintiffs then denied Freese's standing to bring suit.

■ We have concluded that both plaintiff-driver Allen and defendant-driver Dove were negligent. In order for plaintiff Allen to avoid liability to the trailer owner in this case, it is necessary for her to show that the negligence of defendant-driver Dove should be imputed to the owner. In order to impute the negligence of one person to another, a relation of master or superior and servant or subordinate must exist between them. Johnson v. Turner, 319 Ill.App. 265, 49 N.E.2d 297. Subject to some exceptions, the negligence of an agent, acting within the scope of his agency, may be imputed to his principal. Ballou v. Fitzpatrick, 283 Mass. 336, 186 N.E. 668; Fisch v. Waters, 136 N.J.L. 651, 57 A.2d 471. The same is true of a servant acting within the scope of his employment for his master. Rogge v. Great Northern Ry. Co., 233 Minn. 255, 47 N.W.2d 475.

 Plaintiff Allen is a defendant relative to Freese's counter-claim. It is clear that the burden of proving contributory negligence in this state is on the defendant. Jones v. New Mexico School of Mines, 75 N.M. 326, 404 P.2d 289. It is only logical that the burden of proving that the negligence of a third person is imputable to the injured party is also on the defendant. Campagna v. Market Street Ry. Co., 24 Cal.2d 304, 149 P.2d 281. The same burden exists in proving that the necessary relationship exists between the injured party and the third person, which requires imputation of the third party's negligence. Kocher v. Creston Transfer Co., (3 CCA 1948), 166 F.2d 680; Clark v. Janss, 39 Cal.App.2d 523, 103 P.2d 175.

 The only testimony we find on this issue is that of defendant Freese, which indicates that he owned the trailer and leased it to defendant Jeffries-Eaves, Inc. It is well established that the negligence of the bailee will not be imputed to the bailor. Glenn v. Gibbons & Reed Co., 1 Utah 2d 308, 265 P.2d 1013; Wilcox v. Herbst, 75 Wyo. 289, 295 P.2d 755. Counter-defendant Allen did not carry the burden of showing that Freese's relationship to Dove was more than that of bailor-agent of bailee, and we see no bar to Freese's counter-claim.

Allen and Dove are, therefore, joint tort-feasors as defined in § 24–1–11, N.M.S.A., 1953 Comp., and Allen should compensate Freese for the damage to his trailer, subject to the right of contribution provided for in § 24–1–12, N.M.S.A., 1953 Comp.

But we cannot conclude that the amount of $2545.20 is the correct amount of damages in view of the evidence submitted at the trial. Freese testified that the repairs to his trailer cost $425.20 and that loss of use cost him $120. These figures are not refuted and an award based thereon is proper.

 The total damages which Freese seeks, however, are based on a depreciation of $2000, which Freese claimed was the amount that the value of the trailer was reduced when it had to be shortened as a result of the collision. The only testimony on this point is that of Freese, who said that he paid $4500 for the 1956 trailer in April 1961, and that the market value, after the repair and required shortening of the trailer, was $2500. We find no evidence in the record relative to the value of the trailer immediately prior to the accident, which occurred in December 1961. It was necessary that the counter-claimant Freese accurately prove the amount of depreciation of his trailer. Having failed to do so, his claim for depreciation must fail.

 It was stipulated that plaintiff Bailey received $4,250 from plaintiff Allen's insurance company, $2,000 of which was paid under the medical payment provision

of plaintiff Allen's policy. A plaintiff may recover medical expenses and lost wages incurred by a defendant's negligence, even though plaintiff may have had such items paid for by insurance or otherwise. Such a payment should not diminish the amount of damages recovered by plaintiff Bailey in her action based on defendant's negligence. Standard Oil Co. of California v. United States, (9 CCA 1946), 153 F.2d 958, aff'd 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067; Purcell v. Goldberg, 34 Cal.App.2d 344, 93 P.2d 578.

■ The remaining portion of $2,250 appears to have been paid to plaintiff Bailey for a release from any possible liability in a tort action, but the evidence is not clear on this point. If plaintiff Bailey did recover such an amount for that purpose, it should be applied to and reduce the final award by said amount. Garrison v. Navajo Freight Lines, Inc., 74 N.M. 238, 392 P.2d 580.

■ The authorities are divided on whether the facts concerning a settlement with a joint tortfeasor should be given to the jury with instructions on its application, or to have the court allow proper credit after the verdict is reached. See, 94 A.L.R.2d 360, et seq. In the present case, we do not see how defendants were prejudiced by not having that issue submitted to the jury. Proper accounting would arrive at satisfaction for all parties.

■ Defendants contend that the use of the word "satisfaction," in instructions relating to the degree of care required of the parties, was error. They cite Seago v. New York Cent. R. Co., 349 Mo. 1249, 164 S.W.2d 336, 147 A.L.R. 372. In that case the court stated that use of the word "satisfaction" placed too high a standard upon the plaintiff. We do not feel that defendants in the instant case were prejudiced by the use of the word, as it appeared in conjunction with the phrase "preponderance of the evidence" in almost all of the instructions.

■ Defendants also contend that the trial court's instruction on damages directed recovery and allowed the jury to consider items not in evidence. As we read the instruction, it appears to be sufficiently qualified. In addition, we find evidence in the record on behalf of plaintiff Bailey to allow the jury to consider all items noted in the instruction.

■ We find no merit in defendants' contention that the trial court's instruction on recovery, in the light of defendant Dove's negligence, was mandatory; nor was it not properly qualified in relation to possible contributory negligence on the part of plaintiff Allen.

We also note that there was circumstantial evidence presented during the trial and the trial court's instruction on its use is proper.

 

Defendants were not prejudiced by the failure of the trial court to give an instruction concerning proof of a witness' conviction of a crime under § 20–2–3, N.M. S.A., 1953 Comp. The trial court instructed the jury at the time the questions were propounded and such instruction left the jury correctly informed.

Defendants' instructions tendered concerning defendant driver's actions were properly refused. Violation of § 64–20–53, supra, was negligence per se, and compliance with the statute would be due care only under certain conditions. The refused instructions were not correct statements of the law.

Information contained in other instructions, which were refused by the trial court, were covered elsewhere in the instructions and refusal thereof was not error.

The cause is remanded to the trial court with direction: (1) That the judgment awarding damages to plaintiff Bailey be and the same is affirmed; (2) that the judgment awarding damages to plaintiff Allen be set aside and judgment be entered for defendants; (3) that the award to plaintiff Bailey be reduced, if it is determined at the new trial that any amount was paid to her for a release from liability on the part of joint tortfeasor Allen; (4) that the amount of damages for repairs to and for loss of use of Freese's trailer, against joint tortfeasors Allen and Dove, be awarded to him; (5) that the case be reinstated on the trial docket and the court proceed in a manner consistent with this opinion.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.